IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                    No. CIV S-08-128 LKK KJM

    vs.

FRANCISCO FERREYRA,

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment is pending before the court.  Upon review of the motion and the supporting documents and supplemental briefing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant and proof of service was filed March 18, 2008.  Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction).  The Clerk of the Court entered default against defendant on April 3, 2008.

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint.

1    In this action, plaintiff seeks statutory damages under 47 U.S.C. § 605 and 47
2 U.S.C. § 553 as well as damages for conversion.  Under section 605, statutory damages may be
3 awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to
4 $100,000 when the violation "was committed willfully and for purposes of direct or indirect
5 commercial advantage or financial gain."  47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Statutory damages
6 are allowed under section 553 of $250 to $10,000 or up to $50,000 for willful violations.  47
7 U.S.C. § 553(c)(3).  Here there is evidence that defendant previously has been on notice that
8 pirating a commercial signal is unlawful, in that he has been sued before in this district in an
9 action asserting claims of commercial signal piracy.  See Entertainment by J & J Inc. V. Ferreyra,
10 CIV S-02-1526 DFL JFM.  This court therefore will recommend statutory damages under section
11 605 in the amount of $100,000.  Because statutory damages under section 553 would be
12 cumulative, the court declines to recommend an award under that section.  See generally
13 Kingvision Pay Per View, Ltd. v. Ortega, 2002 WL 31855367, *2 (N. D. Cal. 2002).  Inasmuch
14 as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages
15 for conversion should be denied.

16    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for entry
17 of default judgment against defendant be granted in the amount of $100,000 in damages, and that
18 attorneys' fees be awarded subject to the submission by counsel of an affidavit regardings costs
19 and fees incurred.

20    These findings and recommendations are submitted to the District Judge assigned
21 to this matter, based on the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being
22 served with these findings and recommendations, any party may file written objections with the
23 court and serve a copy on all parties.  Such a document should be captioned "Objections to
24 /////
25 /////
26 /////

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2008.

_____
U.S. MAGISTRATE JUDGE

006
j&jsports..def